Filed 2/26/27  Lee v. Pasulka CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| SARAA DORIS LEE,<br><br>　Plaintiff and Respondent,<br><br>v.<br><br>TROY PASULKA,<br><br>　Defendant and Appellant. | 2d Civil No. B320206<br>(Super. Ct. No. D401660)<br>(Ventura County) |

Troy Pasulka appeals from a child custody order awarding Saraa Lee sole custody of their daughter and determining Pasulka's visitation rights.  Pasulka contends the trial court should have granted him sole custody, erred in denying him attorney's fees, and erred in denying sanctions against Lee.  We affirm.[1]

---

[1] We deny Pasulka's motion to strike the respondent's brief and request for sanctions.

FACTS AND PROCEDURAL HISTORY

Pasulka and Lee were previously in a relationship and had one daughter, T.P., together. In June 2021, Lee requested a domestic violence restraining order (DVRO) protecting her and T.P. from Pasulka. Lee also indicated she wanted a child custody and visitation order.

At the DVRO hearing in November 2021, the parties presented evidence, including several videos and Pasulka's testimony. The trial court denied the DVRO, finding Lee did not meet her burden of proof to support a DVRO pursuant to Family Code[2] section 6320. However, the court temporarily granted sole legal and physical custody to Lee. As to Pasulka's visitation rights, the court ordered supervised visits up to three times per week, up to an hour per visit in person or on Zoom, a video conferencing platform. T.P. was four years old at the time.

The court explained that these visits would have to be supervised because Pasulka exhibited conduct over the course of the hearing that caused the court to be "concerned with the emotional well[-]being of [T.P.]." The court noted that one video reflected his "lack of emotional control and profanity in the presence of the child," and showed that he "neglect[ed] that crying, screaming child, and took no action to stabilize the child." The court further noted that Pasulka had said "harsh things" about Lee in the presence of T.P., which upset her greatly.

The court stated that the finality of the temporary custody and visitation orders would depend on a future review hearing regarding compliance with the orders. The court instructed Pasulka that if he wanted "to evolve from sole legal and

_____

[2] Further unspecified statutory references are to the Family Code.

2

supervised visitation back to the joint custody scenario, [he has] to demonstrate trust" and "demonstrate that if the child is in [his] presence, that [he and Lee] can communicate and get along greatly." The court further instructed Pasulka that by the next review hearing, he needed to obtain a letter showing he participated in counseling and demonstrate he could have positive interactions with T.P. during visits.

Lee moved to vacate the denial of her DVRO or, alternatively, secure a new trial or reconsideration of the denial of her DVRO. Pasulka moved for attorney's fees and costs as the prevailing party in the DVRO proceedings. He also moved for sanctions, arguing that Lee's motion for reconsideration was frivolous and in bad faith. The trial court denied all motions. The court described its decision regarding the DVRO as a "contested issue." And while it acknowledged there was "a basis for the motion to reconsider," the court ultimately disagreed with Lee's position. It noted: "There were definitely facts alleged by each side that needed to be played out, litigated, determined, and that takes time." The court also found that the parties were of "equal potential income scenarios" and ordered them to bear their own costs.

On March 14, 2022, the trial court held the review hearing regarding compliance with the temporary custody and visitation orders. The court found that Pasulka had not exercised any of his visitation rights since the November 2021 DVRO hearing. The court ordered Pasulka's visitation with T.P. to be facilitated by a licensed therapist in a therapeutic setting. With those modifications, the court ordered that the custody and visitation orders from November 2021 remain in full force and effect.

3

DISCUSSION[3]

*Custody and visitation order*

Pasulka contends he should have been granted sole custody and that the trial court "disregarded" the law. We disagree.

We review the trial court's custody determination for an abuse of discretion. (*Holsinger v. Holsinger* (1955) 44 Cal.2d 132, 135.) We will not disturb the ruling unless the court exercised its discretion in an arbitrary, whimsical, or capricious manner. (*In re Marriage of Battenburg* (1994) 28 Cal.App.4th 1338, 1343.)

Here, Pasulka does not demonstrate the trial court exercised its discretion in an arbitrary or capricious manner. Nor does he demonstrate that the court disregarded the law. In granting Lee sole custody, the court considered extensive evidence of the parties' relationship, including videos and Pasulka's testimony. At the conclusion of the DVRO hearing, the court explained it was awarding sole legal and physical custody to Lee. The court ordered supervised visitation based on Pasulka's behavior exhibited throughout the proceedings and the videos. Furthermore, during the review period, Pasulka did not participate in supervised visits with T.P. or obtain a letter showing he participated in counseling as ordered by the court. There was no abuse of discretion in ordering sole custody to Lee.

---

[3] Lee moved to dismiss the appeal on the grounds that the appeal was untimely and the disentitlement doctrine precluded the appeal. We deny these motions. We construe the notice of appeal as filed from the final custody and visitation order and review the appeal on the merits.

*Attorney's fees*

Pasulka also contends the trial court erred in denying him attorney's fees as the prevailing party in the DVRO proceedings. We again disagree.

Section 6344, subdivision (b) provides: "After notice and a hearing, the court, upon request, may issue an order for the payment of attorney's fees and costs for a prevailing respondent only if the respondent establishes by a preponderance of the evidence that the petition or request is frivolous or solely intended to abuse, intimidate, or cause unnecessary delay." We review the trial court's denial of attorney's fees for an abuse of discretion. (*Loeffler v. Medina* (2009) 174 Cal.App.4th 1495, 1509.)

The trial court did not abuse its discretion in denying Pasulka attorney's fees. As the prevailing respondent in the DVRO proceedings, Pasulka was required to show that the DVRO was "frivolous or solely intended to abuse, intimidate, or cause unnecessary delay." (§ 6344, subd. (b).) He did not carry his burden. As the trial court observed, the determination of whether there was sufficient evidence to sustain a DVRO was a "contested issue" that required the facts to be "played out, litigated, determined" in a multi-day court proceeding.

*Sanctions*

Pasulka argues the trial court erred in denying sanctions (§ 271) against Lee for her unsuccessful motion for reconsideration of the DVRO denial. We review the trial court's denial of monetary sanctions for an abuse of discretion. (*In re Marriage of Blake & Langer* (2022) 85 Cal.App.5th 300, 308.)

We conclude there was no abuse of discretion. In her motion for reconsideration, Lee argued the court's denial of her

5

DVRO was based, in part, on legal authority that was now depublished. A change in law is an appropriate basis for a motion for reconsideration. (See *State of California v. Superior Court (Flynn)* (2016) 4 Cal.App.5th 94, 100; Code Civ. Proc., § 1008, subd. (c).) As the trial court recognized, there was "a basis for the motion to reconsider." Because he did not show the motion for reconsideration was frivolous, there was no abuse of discretion in denying Pasulka's request for sanctions.[4]

DISPOSITION

The judgment is affirmed. Lee shall recover her costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.                    CODY, J.

---

[4] We deny Lee's request for judicial notice filed October 24, 2023, and Pasulka's request for judicial notice filed December 11, 2023, because they are not relevant to our decision. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 295, fn. 21.) We also deny Pasulka's requests for judicial notice received on February 5 and 13, 2024, and filed on Feb 13, 2024, because the documents were not considered by the trial court and are not relevant to our decision.

William R. Redmond and R. Paul Kawai, Commissioners

Superior Court County of Ventura

_____


Troy Pasulka, in pro. per., for Defendant and Appellant.
Law Offices of J. Ellie Sweeny and J. Ellie Sweeney for
Plaintiff and Respondent.